1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY DEAN PALMER, | CV F   03 6525 AWI LJO P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING MOTION TO DISMISS (Doc. 22) |
| D.  HICINBOTHOM, et.  al., | |
| Defendants. | |
| _____/ | |

        Henry Dean Palmer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.   Plaintiff filed the instant action on October 31, 2003.   On October 27, 2005, Defendant Hicinbothom moved to dismiss the action on the grounds that the action is barred by the statute of limitations, Plaintiff did not exhaust his administrative remedies, and Plaintiff did not state a claim against the Defendant. (Doc. 22.)  Plaintiff filed an Opposition to the Motion on December 8, 2005.

        On November 28, 2005, Defendant Cervantez waived service of the Complaint. Defendant J.L. Garcia also waived service on December 13, 2005.

1

On December 13, 2005, Defendants Cervantez and Garcia moved to join the Motion to Dismiss filed by Defendant Hicinbothom. Plaintiff opposed the Motion on January 17, 2006. Having read the moving papers, the Court finds good cause to grant Defendants Cervantez and Garcia's Motion to join in the pending Motion to Dismiss. The request was granted.

**A.  SUMMARY OF COMPLAINT**

The events at issue in this action occurred while Plaintiff was confined at California State Prison, Corcoran, where Plaintiff is currently incarcerated. Plaintiff names Facility Captain Hicinbothom, and Correctional Counselors Garcia and Cervantez as Defendants. Plaintiff alleges that on or about June 11,2002, when he was transferred to Corcoran, the named Defendants classified Plaintiff and assigned him to a job he could not physically perform in disregard of his medical disability which was documented in his central file. Plaintiff suffered an injury as a result of the job assignment. Plaintiff is seeking monetary damages.

**B.  STATUTE OF LIMITATIONS**

Federal law determines when a civil rights claim accrues. See Elliott v. City of Union City, 25 F.3d 800, 801-802 (9th Cir. 1994). Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir.1996). Because Section 1983 contains no specific statute of limitations, federal courts should borrow state statues of limitations for personal injury actions in section 1983 suits. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Torres v. City of Santa Ana, 108 F.3d 224, 226 (9th Cir. 1997); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991).

At the time Plaintiff's claim accrued, the applicable statute of limitations in California for Section 1983 claims was one year. Cal. Civ. Proc. Code § 340(3); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (Cal. Civ. Proc. § 335.1, extending the statute of limitations from one year to two years, does not apply to claims that accrued prior to January 1, 2003).

In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. See Hardin v. Straub, 490 U.S. 536, 539 (1989). Pursuant to the California Code of Civil Procedure section 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in

pertinent part, as follows:

> (a)  If a person entitled to bring an action, mentioned in Chapter 3  (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term *less than for life,* the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Cal.Code.Civ.P. 352.1 (emphasis added.)  Thus, incarcerated plaintiffs generally have three years from the date that the cause of action accrued in which to file suit, if the cause of action accrued while said plaintiff was incarcerated or was serving a term of incarceration of less than life.

In this case, Plaintiff's Eighth Amendment claim accrued on or about June 11, 2002. (Amended Complaint at 3B.)  Thus, Plaintiff would have one year from June 11, 2002, to timely file his civil action.  This action was not filed, however, until October 31, 2003.

Defendants further contend that Plaintiff is not eligible for the two year statutory tolling period because Plaintiff was not serving a criminal sentence of less than life imprisonment. (Motion at 4.)  According to the documentation provided by Defendants, Plaintiff is serving a life sentence.  (Exh. A, Motion to Dismiss.)  As such, Plaintiff is not eligible for statutory tolling and the instant action is barred by the statute of limitations.

In Opposition, Plaintiff argues that his claims should not be barred because he was still trying to obtain medical treatment and medication on January 12, 2003.  (Opposition at 2.) However, Plaintiff's objection is unpersuasive as the Eighth Amendment claim raised in this action does not concern Plaintiff's medical care but the alleged indifference to Plaintiff's health and safety when Defendants assigned him to a job that he could not physically perform without potential injury.  (Amended Complaint.)

Accordingly, in light of the above, the Court finds the instant action barred by the statute of limitations.[1]

## C.  EXHAUSTION

Defendants also argue that the claim raised is unexhausted.

---

[1]The Court does not address Defendants argument concerning equitable tolling for a state cause of action as the Amended Complaint does not allege a state claim of negligence.  See Court Doc. 12.

1    Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be

2  brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by

3  a prisoner confined in any jail, prison, or other correctional facility until such administrative

4  remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The Section 1997e(a)

5  exhaustion requirement applies to all prisoner suits relating to prison life.  Porter v. Nussle, 534

6  U.S. 516, 532 (2002).  Prisoners must complete the prison's administrative process, regardless of

7  the relief sought by the prisoner and regardless of the relief offered by the process, as long as the

8  administrative process can provide some sort of relief on the complaint stated.  Booth v. Churner,

9  532 U.S. 731, 741 (2001).  "All 'available' remedies must now be exhausted; those remedies need

10  not meet federal standards, nor must they be 'plain, speedy, and effective." ' Porter, 534 U.S. at

11  524 (citing Booth, 532 U.S. at 739 n. 5).  Exhaustion must occur prior to filing suit.  McKinney

12  v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002).  Plaintiff may not exhaust while the suit is

13  pending. McKinney, 311 F.3d at 1199-1201.

14    The California Department of Corrections has an administrative grievance system for

15  prisoner complaints.  Cal. Code Regs., tit. 15 § 3084, et seq.  "Any inmate or parolee under the

16  department's jurisdiction may appeal any departmental decision, action, condition, or policy

17  which they can reasonably demonstrate as having an adverse effect upon their welfare."  Id. at

18  3084.1(a).  Four levels of appeal are involved, including the informal level, first formal level,

19  second formal level, and third formal level, also known as the "Director's Level."  Cal. Code

20  Regs. tit 15, § 3084.5 (2004).

21    Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

22  defense under which defendants have the burden of raising and proving the absence of

23  exhaustion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  In order to meet this

24  burden, Defendants must show that further administrative remedies are available to Plaintiff.

25  Brown v. Valoff, -- F.3d--, 422 F.3d 926, 2005 WL 2129069, *7 (9th Cir.2005).  The Ninth

26  Circuit has also found exhaustion when a prisoner has demonstrated that his grievance has been

27  rejected as untimely and he could "go no further in the prison's administrative system; no

28  remedies remained available to him." Ngo v. Woodford, 403 F.3d 620, 625 (9th Cir.2005).

4

1    The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is

2    subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt,

3    315 F.3d at 1119 (*citing* Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365,

4    368 (9th Cir. 1998) (*per curiam*)).  In deciding a motion to dismiss for failure to exhaust

5    administrative remedies, the court may look beyond the pleadings and decide disputed issues of

6    fact.  Wyatt, 315 F.3d at 1119-20.  If the court concludes that the prisoner has failed to exhaust

7    administrative remedies, the proper remedy is dismissal without prejudice.  Id.   The Ninth

8    Circuit has rejected a total exhaustion rule and thus, a court is not required to dismiss an entire

9    action when a Section 1983 complaint contains both exhausted and unexhausted claims.  Lira v.

10   Herrera, 427 F.3d 1164, 2005 WL 2850115 (9th Cir. 2005.)

11   In this case, Plaintiff's claim arose on or about June 11, 2002.  However, according to the

12   documentary evidence provided by Defendants, Plaintiff did not file any inmate appeal

13   concerning the claim at issue in this case. (Exh. C, Grannis Decl.)   Defendants do provide copies

14   of an inmate appeal assigned Log No. COR 03-224 wherein Plaintiff complained about

15   inadequate medical care for an injury he sustained on November 17, 2002.  (Attach. A of Exhibit

16   C, Motion to Dismiss.)

17   In Opposition, Plaintiff contends that he did exhaust and that the attachments provided

18   demonstrate this.  However, upon examination of the documents, the Court finds that they are

19   identical to those provided by Defendants concerning inadequate medical care (Log. No. COR

20   03-224).  Plaintiff provides no other evidence demonstrating that he raised the claim concerning

21   the inappropriate job assignment at any administrative level.

22   Plaintiff argues that the fact he was complaining about medical treatment from the injury

23   sustained as a result of the inappropriate assignment is evidence he exhausted, however, this is

24   not so.  Satisfaction of the exhaustion requirement requires that inmates, in their grievances,

25   place prison personnel on fair notice as to the events that subsequently give rise to suit.  Here,

26   however, every piece of documentation provided by both parties indicates that Plaintiff only ever

27   complained about the adequacy of the medical care he was receiving.  Such a contention is

28   insufficient to put the administration on notice that Plaintiff was making an Eighth Amendment

1    claim of deliberate indifference.

2          Accordingly, the Court finds that Plaintiff did not exhaust his administrative remedies

3    with respect to his Eighth Amendment claim and dismissal is appropriate.

4    **D.   FAILURE TO STATE A CLAIM**

5          A Rule 12(b)(6) Motion tests the legal sufficiency of the claim or claims stated in the

6    Complaint.  "The focus of any Rule 12(b)(6) dismissal . . . is the complaint."  Schneider v.

7    California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to

8    dismiss for failure to state a claim, the court must accept as true the allegations of the complaint

9    in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

10   pleading in the light most favorable to the party opposing the motion, and resolve all doubts in

11   the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869

12   (1969).  The federal system is one of notice pleading.  Galbraith v. County of Santa Clara, 307

13   F.3d 1119, 1126 (2002).  "Rule 8(a)'s simplified pleading standard applies to all civil actions,

14   with limited exceptions," none of which apply to section 1983 actions.  Swierkiewicz v. Sorema

15   N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must

16   contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ."

17   Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the

18   plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.

19          A court may dismiss a complaint only if it is clear that no relief could be granted under

20   any set of facts that could be proved consistent with the allegations.  Id. at 514.  Discovery and

21   summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of

22   unmeritorious claims."  Id. at 512.  "The issue is not whether a plaintiff will ultimately prevail

23   but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear

24   on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."

25   Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232,

26   236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need

27   suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin,

28   262 F.3d 871, 977 (9th Cir. 2001))).  A motion to dismiss for failure to state a claim should not

                                          6

1  be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the

2  claim that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)

3  (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log

4  Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

5        Under the Prison Litigation Reform Act ("PLRA") the Court has a statutory duty to

6  screen complaints in cases such as this and dismiss any claims that fail to state a claim upon

7  which relief may be granted.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A.  Given the

8  requirements of the PLRA, the Court is disinclined to view with favor a subsequent motion to

9  dismiss for failure to state a claim.

10        In the instant case, the Court conducted a preliminary screening of the case on March 5,

11  2004, and on June 6, 2005.  On June 6, 2005, the Court determined that the Amended Complaint

12  stated a cognizable claim for relief against the Defendants for their failure to consider Plaintiff's

13  medical condition, which was apparent from his central file, when they assigned him to a job he

14  could not physically perform.  As a result of this placement, Plaintiff sustained injury.  Under the

15  facts as alleged in the Amended Complaint, the Court again finds that Plaintiff sufficiently states

16  a cognizable Eighth Amendment Claim.  (Doc. 12.)  The Court will therefore, recommend that

17  the Motion to Dismiss on this ground be denied.

18  **E. RECOMMENDATION**

19        Accordingly, the Court RECOMMENDS that the Motion to Dismiss be GRANTED IN

20  PART AND DENIED IN PART and that the action be DISMISSED as barred by the statute of

21  limitations and for failing to exhaust administrative remedies.

22        The Court HEREBY ORDERS that these Findings and Recommendations be submitted

23  to the United States District Court Judge assigned to this action pursuant to the provisions of 28

24  U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States

25  District Court, Eastern District of California.  Within THIRTY (30) days after being served with

26  a copy of these Findings and Recommendations, any party may file written Objections with the

27  Court and serve a copy on all parties.  Such a document should be captioned "Objections to

28  Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served

1  and filed within TEN (10) <u>court</u> days (plus three days if served by mail) after service of the

2  Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

3  § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time

4  may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

5  (9th Cir. 1991).

6  IT IS SO ORDERED.

7  **Dated:**   **March 21, 2006**         **/s/ Lawrence J. O'Neill**

    b9ed48                     UNITED STATES MAGISTRATE JUDGE