1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                       EASTERN DISTRICT OF CALIFORNIA

9

10   HENRY DEAN PALMER,              1:03-cv-06525-AWI-LJO-P

11             Plaintiff,            **ORDER ADOPTING FINDINGS AND**
                                     **RECOMMENDATIONS** (Doc. 34)
12   vs.
                                     **ORDER GRANTING IN PART AND**
13   D. HICINBOTHOM, et al.,         **DENYING IN PART MOTION TO**
                                     **DISMISS** (Doc. 22)
14             Defendants.
     _____/  **ORDER DISMISSING ACTION**
15

16        Henry Dean Palmer ("Plaintiff"), a state prisoner proceeding

17   pro se and in forma pauperis, has filed this civil rights action

18   seeking relief under 42 U.S.C. § 1983.  The matter was referred

19   to a United States Magistrate Judge pursuant to 28 U.S.C.

20   § 636(b)(1)(B) and Local Rule 72-302.

21        On March 22, 2006, the Magistrate Judge filed Findings and

22   Recommendations herein which recommended the court grant

23   Defendants' motion to dismiss.  The Findings and Recommendations

24   were served on the parties and contained notice that any

25   objections to the Findings and Recommendations were to be filed

26   within thirty (30) days.  On April 25, 2006, Plaintiff filed

27   objections to the Magistrate Judge's Findings and

28   Recommendations.

                                   1

1    In accordance with the provisions of 28 U.S.C.

2  § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a

3  <u>de novo</u> review of this case.  Having carefully reviewed the

4  entire file, the Court finds the Findings and Recommendations to

5  be supported by the record and by proper analysis.

6    In the complaint, Plaintiff contends that prison officials

7  were deliberately indifferent to his medical needs by assigning

8  Plaintiff to a job that he was medically unable to do and

9  Plaintiff's assignment to this job resulted in injury to

10 Plaintiff's back.   The Magistrate Judge recommended the court

11 grant Defendants' motion to dismiss the complaint because the

12 complaint was filed outside of the one year statute of

13 limitations.   Because 42 U.S.C. § 1983 contains no specific

14 statute of limitations, federal courts borrow state statues of

15 limitations for personal injury actions in section 1983 suits.

16 <u>See</u> <u>Wilson v. Garcia</u>, 471 U.S. 261, 276 (1985); <u>Torres v. City of</u>

17 <u>Santa Ana</u>, 108 F.3d 224, 226 (9th Cir. 1997); <u>Vaughan v.</u>

18 <u>Grijalva</u>, 927 F.2d 476, 478 (9th Cir. 1991).   In California, the

19 applicable statute of limitations for Section 1983 claims is one

20 year.   <u>See</u> Former Cal. Civ. Proc. Code § 340(c) (for events

21 occurring before January 1, 2003, the statute of limitations

22 period is one year).   This action was filed on October 31, 2003.

23  The Magistrate Judge determined that Plaintiff's cause of action

24 accrued on June 11, 2002, when Plaintiff was placed in a job he

25 was not medically fit to perform.   As such, the Magistrate Judge

26 reasoned this action was not timely because it was not filed

27 until October 31, 2003, more than one year after the June 11,

28 2002 accrual date.   In the objections, Plaintiff contends his

1  cause of action did not accrue until November 17, 2002, when he

2  realized that he had severally hurt his lower back.  Federal law

3  determines when a civil rights claim accrues.  See Elliott v.

4  City of Union City, 25 F.3d 800, 801-802 (9th Cir. 1994).  Under

5  federal law, a claim accrues when the plaintiff knows or has

6  reason to know of the injury which is the basis of the action.

7  Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir.1996).  A colorable

8  argument can be made that Plaintiff did not know of the injury

9  caused by Defendants' improper job placement in June 2002 until

10  Plaintiff realized he had become physically injured performing

11  this job on November 17, 2002.  Using an accrual date of

12  November 17, 2002, this action was timely filed on October 31,

13  2003.

14      However, even if the court agrees with Plaintiff regarding

15  the statute of limitations issue, the action is subject to

16  dismissal for Plaintiff's failure to exhaust administrative

17  remedies.  As explained by the Magistrate Judge, the Prison

18  Litigation Reform Act of 1995 amended 42 U.S.C § 1997e to provide

19  that "[n]o action shall be brought with respect to prison

20  conditions under [42 USC § 1983], or any other Federal law, by a

21  prisoner confined in any jail, prison, or other correctional

22  facility until such administrative remedies as are available are

23  exhausted." 42 USC § 1997e(a).  Exhaustion in prisoner cases

24  covered by § 1997e(a) is mandatory.   Porter v. Nussle, 534 U.S.

25  516, 524 (2002).  All available remedies must be exhausted, and

26  those remedies "need not meet federal standards, nor must they be

27  'plain, speedy, and effective.'" Id.  Even when the prisoner

28  seeks relief not available in grievance proceedings, notably

3

1   money damages, exhaustion is a prerequisite to suit.   Booth v.
2   Churner, 532 U.S. 731, 741 (2001).   Similarly, exhaustion is a
3   prerequisite to all inmate suits about prison life, whether they
4   involve general circumstances or particular episodes, and whether
5   they allege excessive force or some other wrong.   Porter, 534
6   U.S. at 532.   Satisfaction of the exhaustion requirement does
7   not require that inmates draft grievances with the precision of
8   an attorney, laying out every fact, identifying every defendant
9   by name, and identifying which constitutional rights were
10  violated by which actions or omissions.   However, satisfaction
11  of the exhaustion requirement requires that inmates, in their
12  grievances, place prison personnel on fair notice as to the
13  events that subsequently give rise to suit.   See Vieira v.
14  Mills, 2002 WL 1067816, *1 (N.D.Cal. 2002).   The court has
15  carefully reviewed all exhibits provided by Defendants and
16  Plaintiff.   While Plaintiff did appeal issues concerning his
17  medical care and housing needs, Plaintiff did not file an appeal
18  alleging that Defendants' caused Plaintiff physical injury on or
19  before November 17, 2002 because they had improperly classified
20  Plaintiff in June 2002.   Thus, the court agrees with the
21  Magistrate Judge that this action is subject to dismissal for
22  Plaintiff's failure to exhaust administrative remedies prior to
23  filing suit.

24      Accordingly, IT IS HEREBY ORDERED that:

25      1.   The Findings and Recommendations, filed March 22, 2006,
26  are ADOPTED;

27      2.   Defendant's motion to dismiss, filed on October 24,
28  2005, is GRANTED IN PART and DENIED IN PART; and,

4

1    3.   The action is DISMISSED for Plaintiff's failure to

2    exhaust administrative remedies.

3

4    IT IS SO ORDERED.

5    **Dated:    June 27, 2006**            **/s/ Anthony W. Ishii**
     0m8i78                          UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28